# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEE FELDMAN, MATS LEDERHAUSEN, and DOV SEIDMAN, | ) ) ) | |
| Plaintiff(s), | ) ) | C.A. No. N21C-09-206 DJB |
| v. | ) ) | |
| HOWARD MARKS, | ) ) | |
| Defendant. | ) ) | |

Date Submitted:  October 14, 2024
Date Decided:  October 23, 2024

## **ORDER**

### *On Defendant's Application for Certification of Interlocutory Appeal - DENIED*

*Brian E. Farnan, Esquire, Michael Farnan, Esquire*, and *Rosemary J. Piergiovanni, Esquire*, Farnan LLP, Wilmington, Delaware, and *Stephen Shackelford, Esquire,* Susman Godfrey L.L.P., New York, New York, admitted *pro hac vice*, Counsel for Plaintiffs

*Joe P. Yeager, Esquire*, Margolis Edelstein, Wilmington, Delaware, Counsel for Defendant

**BRENNAN, J.**

ON THIS 23rd day of October, 2024, upon consideration of Defendant Marks's Application for Certification of Interlocutory Appeal,[1] the Plaintiffs' Response in Opposition[2] and the record in the case, it appears to the Court that:

1.     Plaintiffs filed this action alleging defamation *per se* against Defendant Marks for his statements made in a Court of Chancery filing in the State of Delaware, which was in turn sent to a reporter with *The Financial Times*.[3]

2.     The Court of Chancery litigation is a shareholder action surrounding the sale of stock, in which the Plaintiffs in this action were sued for their decisions with respect to LRN Corporation.[4] LRN provides ethics compliance education and other related services.[5]

2.     Plaintiff Seidman founded LRN in 1994 and served as LRN's CEO until 2019.[6] Currently, Seidman serves as the chairman of LRN's board and resides in Florida.[7] Feldman, a New York resident, served as director of LRN from 2004 through 2018.[8] Lederhausen, resides in Illinois, and has been a director of LRN

---

[1] *Feldman, et. al. v. Marks*, N21C-009-206 DJB, D.I. 72.
[2] D.I. 84.
[3] D.I. 1.
[4] *Davidow v. Seidman*. C.A. No. 2019-0150-MTZ.
[5] *Feldman, et. al. v. Marks*, N21C-009-206 DJB, D.I. 1, Compl. at ¶ 1.
[6] Compl. ¶ 15.
[7] *Id.* at ¶ 11.
[8] *Id.* at ¶ 12.

since 2012.[9] Marks, a 20-year investor in LRN, sold the entirety of his LRN shares in October 2017.[10]

3. This action was initially stayed pending the outcome of the Court of Chancery litigation. The stay was lifted upon application of the parties after the Court declined to appoint Marks as the class representative, rejected a proposed settlement, relying on its finding that Marks not only lied in his Court filing, but was entangling the class settlement with a resolution of this Superior Court matter.[11]

4. Upon lifting the stay, the parties filed cross-motions for summary judgment. Prior to the stay, Marks had filed a motion to dismiss based upon jurisdiction. All motions were jointly heard and on September 23, 2024, the Court granted Plaintiffs' motion for summary judgment, finding the elements of defamation *per se* had been met. In doing so, the Court denied Marks' motion to dismiss and motion for summary judgment. The case is to proceed to a jury trial on the issue of damages only.[12]

---

[9] *Id.* at ¶ 13.
[10] *Id.* at ¶¶ 14, 23.
[11] D.I. 43.
[12] D.I. 71.

5. On October 3, 2024, Marks filed a timely Application for Certification for Interlocutory Appeal on the Court's September 23 decision granting summary judgment for Plaintiffs.[13] Plaintiffs filed their opposition on October 14, 2024.[14]

6. Pursuant to Supreme Court Rule 42, the Superior Court shall not certify an interlocutory appeal unless the underlying decision "decides a substantial issue of material importance that merits appellate review before a final judgment."[15] Interlocutory appeals are exceptional and are not routine given the inherent disruption to the judicial process. Rule 42 proscribes a review of eight factors for the Court's consideration upon an application for certification. These factors are whether:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
> (B) The decisions of the trial courts are conflicting upon the question of law;
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

---

[13] D.I. 72.
[14] D.I. 83.
[15] Supr. Ct. R. 42.

(F) The interlocutory order has vacated or opened a judgment of the trial court;
(G) Review of the interlocutory order may terminate the litigation; or
(H) Review of the interlocutory order may serve considerations of justice.[16]

7.  In his Application, Marks argues that the Court's grant of summary judgment in favor of Plaintiffs determined a substantial issue of law in that the Court found liability for Plaintiffs' defamation *per se* claim. Marks argues that three of the factors found in Rule 42(b)(iii) favor certification, in that the order has "sustained the controverted jurisdiction of the trial court" in denying the motion to dismiss and finding jurisdiction over Marks' proper; that interlocutory review may terminate the litigation; and that the interests of justice would be served due to the implications of a potential settlement in the Chancery action.[17]

8.  Plaintiffs oppose certification arguing this is not an exceptional case, as required by Rule 42, that Marks ignores five of the factors listed in Rule 42(b)(iii) which do not favor certification and challenge his assertions that the three factors Marks addressed – Rule 42(B)(iii)(D)(G) and (H) – favor certification.[18]

9.  The Court is to consider all factors and requirements set forth in Rule 42 and afterwards, assess the most efficient and just avenue for review and determine

---

[16] Sup. Ct. R. 42(b)(iii).
[17] D.I. 72.
[18] D.I. 83.

whether the likely benefits of interlocutory review outweigh the probable costs. Any uncertainty in the balance demands a denial of the certification.[19]

10.  As a threshold issue, the Court finds that Marks is correct in that a substantial issue of material importance was decided in granting Plaintiffs' motion for summary judgment, as the Court made a finding on the ultimate issue of liability. However, that does not end the Rule 42 analysis.

11.  Interlocutory appeals should be exceptional, therefore to grant certification, the Court must find that there are "substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[20] Rule 42 delineates the eight factors for the Court to review in its subsection (b)(iii).

12.  In evaluating these factors in this case, interlocutory certification must be denied. First, this decision did not involve a question of law resolved for the first time in this State. Neither are there conflicting decisions of trial courts on this matter or relate to the constitutionality, construction, or application of a Delaware statute.[21]

13.  While Marks argues that Rule 42(b)(iii)(D) is satisfied, he is mistaken. Simply because a ruling on personal jurisdiction was made, it does not satisfy (iii)(D) and require certification. Marks' application was based in part on the summary

---

[19] Supr. Ct. R. 42; see also *Murray v. Mason, et. al.*, N20C-01-254, ORDER, Jul. 26, 2021, Adams, J.
[20] Supr. Ct. R. 42(b)(ii).
[21] Supr. Ct. R. 42(b)(iii)(A), (B) and (C).

judgment decisions and in part on the denial of his motion to dismiss. While the Court has found the summary judgment grant was a substantial issue, the same cannot be said for the ruling finding jurisdiction appropriate and denying the motion to dismiss. Therefore, without such a finding, the Court need not review the factors under Rule 42(b)(iii). On the motion for summary judgment, (b)(iii)(D) is not satisfied.

14. Marks inherently concedes that the Court's decisions on the summary judgment motions did not reverse or set aside a qualifying decision under 42(b)(iii)(E), nor did it vacate or open a judgment of the trial court as stated in (b)(iii)(F).

15. Marks asserts that review of the Court's orders may terminate the litigation, and again cites to the litigation in the Court of Chancery for support. However, Marks has already been disqualified to serve as a class representative and the Court of Chancery did so, in part, due to the improper motivations of resolving both his personal defamation suit in Superior Court with the shareholder litigation. Therefore, he cannot satisfy this section under this theory. While it can be said that, because cross motions were filed, a review of the Court's grant of summary judgment for Plaintiffs may result in a reversal and a grant of Marks' summary judgment motion, this factor alone does not justify certification.

16.     Finally, Marks argues that under Rule 42(b)(iii)(H), the interests of justice require certification.     Again, Marks conflates the rulings in the Court of Chancery with the rulings made in Superior Court on the cross-motions for summary judgment.  As Plaintiffs point out in their opposition, any claims Marks now makes with respect to actual malice were not raised before the Court in the cross motions and cannot now form the basis of interlocutory review.

17.     In conducting the cost benefit analysis mandated by Rule 42, interlocutory review is not the most efficient avenue for this case to proceed.  Given that the factors weigh heavily against certification, the Court is exercising its discretion in denying review.  Moreover, even should the factors as laid out by Marks in his application tilt the balance ever so slightly more towards certification, at most the balance would be left "uncertain," which mandates a denial of certification.[22]

18.     Therefore, the Application for Certification for Interlocutory Review is **DENIED.**

   **IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

cc:     All parties via File&Serve Express

---

[22] Rule 42(b)(iii).